IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PEERLESS INSURANCE )
COMPANY, )
        Plaintiff, )
)
)
)
)
   v. ) Civil Action No. 05-1397
)
ALLEGHENY WINDOW CLEANING, )
INC., and DICICCO )
DEVELOPMENT, LLC. )
        Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                                January 11, 2006

      This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"). Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff, Peerless Insurance Company ("Peerless"), seeks a determination that, according to the terms of a Commercial General Liability Coverage Form ("Form"), it is not required to provide its insured, defendant Allegheny Window Cleaning Inc. ("AWC"), a defense, nor any benefits, indemnification or coverage in litigation defendant DiCicco Development, LLC ("DiCicco") has filed against AWC in state court. AWC has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. No. 8] arguing that the Form upon which Peerless relies was not a part of its

insurance contract. Defendant DiCicco has filed an answer and a counterclaim against Peerless [Doc. No. 7]. Peerless has filed a Motion for Leave to File Amended Complaint [Doc. No. 13], and a Response to defendant AWC's Motion to Dismiss [Doc. No. 14], alleging that the Form was inadvertently omitted from its original complaint, but was included in the insurance contract it issued to AWC. Peerless has also answered defendant DiCicco's counterclaim [Doc. No. 11].

For the reasons stated below, we decline to exercise jurisdiction over this action.

The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action. Rather, the Act provides that

> [i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). The Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather

than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136. Thus, under the Act, district courts possess discretion in determining whether and when to entertain a declaratory judgment action, even if the suit otherwise satisfies the prerequisites for subject matter jurisdiction.

The district courts' discretionary power to decline to hear declaratory judgment actions, however, is not open-ended. For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134 (citing United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1076-79 (3d Cir. 1991)). None of these exceptions are present here. Indeed, this action presents the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters.

This case is virtually indistinguishable from Summy. The court of appeals in Summy specifically noted that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." See id. at 136. This principle is

especially relevant because the interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum."  Id.   Finally, when state law is well established, there is even less reason for federal district courts to exercise jurisdiction over a declaratory judgment action, and, thus, district courts should rarely do so.  See id.

There are no federal questions present in this dispute. The requested relief would require us only to apply well-settled state law.  There simply is no federal interest at stake here. These factors weigh heavily against exercising jurisdiction over this action.

Further, there is a parallel action pending in the state court.  Both the Supreme Court, in Wilton, and the court of appeals, in Summy, reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions.  Wilton, 515 U.S. at 290; Summy, 234 F.3d at 134-35.

Finally, while a party's objection to a district court's exercise of jurisdiction in a declaratory judgment case is a factor that would support the decision to decline jurisdiction, it is not a necessary one.  In other words, a district court may decline jurisdiction in a declaratory judgment action sua sponte. Summy at 136.

4

In sum, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well-settled. There is a parallel proceeding in state court. The state court is perfectly capable of resolving this dispute in accordance with its own law. Therefore, under the circumstances of this case, and in the exercise of our discretion, we will not exercise jurisdiction over this declaratory judgment action.

Therefore, this 11th day of January, 2006, IT IS HEREBY ORDERED that plaintiff's declaratory judgment action is dismissed, without prejudice, to the parties' right to fully litigate this matter in the state court. This opinion specifically does not constitute an adjudication on the merits of plaintiff's claim that the Form was made part of the insurance contract between plaintiff and defendant AWC, nor on any other matter.

BY THE COURT:

_____, J.

cc:   All Counsel of Record